UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHNNIE LEE POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CV-265-TS |
| ) | |
| DAVID M. JOHNSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

Johnnie Lee Powell, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, brackets, and ellipses omitted).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts

> are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp.*, 127 S. Ct. at 1964–65 (2007) (citations, brackets, and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 1965 n.3 (quotation marks, emphasis, and citation omitted). Nevertheless,

> A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted).

However, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp.*, 127 S.Ct. at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Powell alleges that Cpl. David M. Johnson, a South Bend Police Officer, tasered him twice before Johnson beat him—causing two broken ribs, a collapsed lung, and necessitating eighteen stitches on January 22, 2008. "The right to make an arrest or investigatory stop

2

necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), so the question is "whether the totality of the circumstances" justifies the officer's actions. *Graham*, 490 U.S. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 497. Giving Powell the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim that Johnson used excessive force against him in violation of the Fourth Amendment.

Powell alleges that Johnson and other officers perjured themselves in their statements about events related to his arrest. Specifically, he alleges that they claimed that he was resisting and that the force used against him was reasonable. Section 1983 did not abrogate the absolute witness immunity existing at common law. *Briscoe v. LaHue*, 460 U.S. 325 (1983). The testimony of a witness is protected by absolute witness immunity. *See House v. Belford*, 956 F.2d 711, 720-271 (7th Cir. 1992). If these defendants committed perjury, they may be prosecuted for perjury, but they are not subject to liability under 42 U.S.C. § 1983 for these claims. Therefore, these claims must be dismissed.

Powell also names as defendants the South Bend Police Department, its Chief, the Mayor, and the Assistant Mayor. Though he does not allege that any of these Defendants were personally or individually involved in his arrest and beating, he does allege that they did not stop brutality in the police department. This is an official capacity claim. "To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Giving Powell the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has alleged the existence of a custom of physically abusive police actions.[1] Additionally, he alleges that there is a custom of corruption among police officers, but he does not allege that he was the victim of corruption. Therefore, unlike his claim for an excessive use of force, he does not have standing to proceed on a claim based on a custom of corruption. *See Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 12 (2004) ("[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights . . . . " (quotation marks omitted)).

Though Powell names four official capacity defendants, "a suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because these four Defendants in their official capacity are fundamentally one entity, *i.e.* the City of South Bend, this claim will proceed only against the Mayor in his official capacity.

For the foregoing reasons, the Court:

---

[1] Though he also alleges that this abuse is racially motivated, excessive use of force is an independent constitutional claim, and the analysis is unaltered by the motivation for the abuse. So too, if the allegations of excessive force prove unfounded, then there are no actions to which to assign a motivation. Therefore, unlike a claim where the alleged wrong does not independently state a claim, here motivation is not legally relevant.

4

(1) **GRANTS** Johnnie Lee Powell leave to proceed against Cpl. David M. Johnson in his individual capacity for monetary damages for an excessive use of force on January 22, 2008, in violation of the Fourth Amendment;

(2) **GRANTS** Johnnie Lee Powell leave to proceed against Mayor Steve Luecke in his official capacity for monetary damages for a custom of physically abusive police action in violation of the Fourth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Mark Walsh, Michael Chritchlow, Scott Sheldon, South Bend Police Department, Lynn Coleman, and Darryl Boykins;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Cpl. David M. Johnson and Mayor Steve Luecke to the United States Marshals Service along with copies of this order and copies of the complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Cpl. David M. Johnson and Mayor Steve Luecke; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Cpl. David M. Johnson and Mayor Steve Luecke respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the Plaintiff been granted leave to proceed in this screening order.

SO ORDERED on June 23, 2008.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION

5